IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VTT TECHNICAL RESEARCH CENTRE OF FINLAND LTD., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 25-229-JCB |
| HID GLOBAL CORPORATION and OMNI-ID USA, INC., | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING *EX PARTE* REEXAMINATION AND TO DEFER THE FEBRUARY 6, 2026 RULE 16 CONFERENCE**


OF COUNSEL:
Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
(571) 203-2700

Andrew E. Russell (No. 5382)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for HID Global Corporation and OMNI-ID USA, Inc.*


Dated: December 12, 2025

# TABLE OF CONTENTS


I. NATURE AND STAGE OF THE PROCEEDINGS: DEFENDANTS SEEK A STAY PENDING *EX PARTE* REEXAMINATION AND REQUEST THAT THE COURT DEFER THE RULE 16 CONFERENCE ........ 6

II. SUMMARY OF THE ARGUMENT: DEFENDANTS SEEK A STAY BECAUSE THE PENDING *EX PARTE* REEXAMINATION WILL POTENTIALLY MOOT ALL OUTSTANDING ISSUES IN THIS LITIGATION ........ 7

III. STATEMENT OF FACTS: THIS CASE IS IN ITS INFANCY AND DEFENDANTS DILIGENTLY PURSUED REEXAMINATION OF THE '143 PATENT ........ 8

A. The Litigation ........ 8

B. Defendants' Request for *Ex Parte* Reexamination of the '143 Patent ........ 9

IV. ARGUMENT: THIS COURT SHOULD GRANT A STAY PENDING EX PARTE REEXAMINATION ........ 9

A. A Stay Will Simplify the Issues and Reduce the Burdens of Litigation Because Canceled Claims May Be Case Dispositive and VTT Will Not Be Entitled to Any Damages on Amended Claims ........ 11

B. This Case is in its Infancy, and the Early Stage of Litigation Supports Granting a Stay ........ 13

C. A Stay Will Not Unduly Prejudice VTT Nor Provide a Tactical Advantage ........ 13

1. The Timing of Defendants' *Ex Parte* Reexamination Request Does Not Unduly Prejudice VTT ........ 14

2. The Timing of Defendants' Request for a Stay Does Not Unduly Prejudice VTT ........ 14

3. The Status of the Review Proceedings Does Not Unduly Prejudice VTT ........ 14

4. The Relationship of the Parties Does Not Unduly Prejudice VTT ........ 15

D. Defendants Further Request That the Court Defer the Rule 16 Conference Until After Resolution of the Motion to Stay ........ 16

V. CONCLUSION: THIS COURT SHOULD GRANT DEFENDANTS' REQUESTED STAY AND DEFER THE RULE 16 CONFERENCE ........ 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blackboard Inc. v. Uniloc 2017 LLC*,
C.A. No. 19-2073-CFC (D. Del. Jan. 9, 2020) ....................15

*Bloom Eng'g Co. v. N. Am. Mfg. Co.*,
129 F.3d 1247 (Fed. Cir. 1997)....................10

*BMW of N. Am., LLC v. Vidal*,
No. 1:24-cv-0235, 2025 WL 904687 (E.D. Va. Mar. 25, 2025)....................11

*Charles Smith Enterprises, LLC v. DVSport, Inc.*,
C.A. No. 21-1279-CFC (D. Del. May 2, 2023) ....................10

*Cooper Notification, Inc. v. Twitter, Inc.*,
2010 WL 5149351 (D. Del. Dec. 13, 2010)....................12

*Enhanced Sec. Rsch., LLC v. Cisco Sys., Inc.*,
No. 09-571, 2010 WL 2573925 (D. Del. June 25, 2010) ....................13

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988)....................9

*Gould v. Control Laser Corp.*,
705 F.2d 1340 (Fed. Cir. 1983)....................9

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
No. CV 18-452, 2019 WL 3943058 (D. Del. Aug. 21, 2019) ....................13

*Landis v. North Am. Co.*,
299 U.S. 248 (1936)....................9

*Monitoring v. Get-Grin Inc.*,
No. CV 22-647-WCB, 2024 WL 1603403 (D. Del. Apr. 9, 2024)....................15

*Neste Oil Oyj v. Dynamic Fuels, LLC*,
No. 2-1744, 2013 WL 3353984 (D. Del. July 2, 2013) ....................13, 15

*Princeton Digit. Image Corp. Konami Digit. Entm't Inc.*, Nos. 12-1461, 2014 WL
3819458, at *2 (D. Del. Jan. 15, 2014)....................10

*Procter & Gamble Co. v. Kraft Foods Global, Inc.*,
549 F.3d 842 (Fed. Cir. 2008)....................9

*Prolitec v. Scentair Technologies, LLC*,
No. 20-984, 2023 WL 5037173 (D. Del. Aug. 8, 2023) .......... 10, 11

*TC Tech. LLC v. Spring Corp*.,
No. 16-153-WCB, 2021 WL 4521045 (D. Del. Oct. 4, 2021) .......... 10

*Textron Innovations Inc. v. Toro Co.*,
2007 WL 7772169 (D. Del. Apr. 25, 2007) .......... 10, 14

*TTI Consumer Power Tools, Inc. v. Lowe's Home Ctrs. LLC*,
No. 22-673-CFC, 2022 WL 16739812 (D. Del. Nov. 7, 2022) .......... 10

**Statutes**

35 U.S.C. § 252 .......... 12

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .......... 7, 8

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| Ex. 1 | Electronic Acknowledgment Receipt for Request for *Ex Parte* Reexamination of U.S. Patent No. 7,724,143 |
| Ex. 2 | Historical *Ex Parte* Reexamination Timing Statistics |
| Ex. 3 | Communications Between Counsel With Respect to this Motion |
| Ex. 4 | Historical *Ex Parte* Reexamination Grant Statistics |

Defendants HID Global Corporation ("HID") and Omni-ID USA, Inc. ("Omni-ID") (collectively, "Defendants") respectfully move this Court for a stay of this case pending the outcome of the recently filed request for *ex parte* reexamination of U.S. Patent No. 7,724,143 ("the '143 patent"). This District considers three factors when evaluating a request for a stay, and each strongly favors a stay.

First, a stay will greatly simplify the issues in this case and will reduce the burden of litigation on the parties and the Court because there is a high likelihood that at least some of the claims will be canceled or amended. Furthermore, the '143 patent will expire before the United States Patent and Trademark Office ("USPTO") reaches a decision, and Plaintiff VTT Technical Research Centre of Finland, Ltd. ("VTT" or "Plaintiff") will therefore not be entitled to ***any damages*** with respect to any amended claims. Second, a stay is warranted because this case is in its procedural infancy—the parties have not discussed a discovery plan, nor has the Rule 16 conference occurred. Third, a stay will not unduly prejudice nor provide a clear tactical advantage to VTT because neither the timing of Defendants' request for *ex parte* reexamination nor Defendants' request for a stay unduly prejudices VTT, the status of the review proceedings does not unduly prejudice VTT, and the parties are not competitors. For the reasons stated before, Defendants respectfully request a stay of this litigation. Further, Defendants also respectfully request that this Court defer the Rule 16 conference, currently scheduled for February 6, 2026, until the Court rules on this Motion.

## I. NATURE AND STAGE OF THE PROCEEDINGS: DEFENDANTS SEEK A STAY PENDING *EX PARTE* REEXAMINATION AND REQUEST THAT THE COURT DEFER THE RULE 16 CONFERENCE

VTT filed a complaint against Defendants alleging infringement of the '143 patent on February 27, 2025. D.I. 1. Defendants moved to dismiss the Complaint on April 21, 2025, under

Fed. R. Civ. P. 12(b)(6), and this Court denied Defendants' Motion to Dismiss on November 24, 2025. D.I. 12; D.I. 31. Defendants filed their Answer and Counterclaims on December 8, 2025. D.I. 32.

Defendant HID filed a request for *ex parte* reexamination on December 8, 2025. Ex. 1. On December 10, 2025, the Court scheduled the Rule 16 conference for February 6, 2026. D.I. 33. Defendants now submit this opening brief in support of the motion to stay pending the outcome of HID's recently submitted request for *ex parte* reexamination of the '143 patent before the United States Patent and Trademark Office. This case is still in its infancy as the parties have not yet discussed a discovery plan and the Rule 16 conference has not yet occurred.

## II. SUMMARY OF THE ARGUMENT: DEFENDANTS SEEK A STAY BECAUSE THE PENDING *EX PARTE* REEXAMINATION WILL POTENTIALLY MOOT ALL OUTSTANDING ISSUES IN THIS LITIGATION

Defendants respectfully move for a stay pending the outcome of the recently filed *ex parte* reexamination request. This District generally considers three factors for evaluating whether to a grant a stay, and when deciding whether to stay a case pending post-grant review proceedings at the USPTO—(1) whether a stay will simplify the issues at hand (courts may also consider for this factor whether a stay will reduce the burden of litigation on the parties and the court); (2) the progress of the litigation; and (3) whether the stay will unduly prejudice the nonmoving party. Here, each factor weighs in favor of staying this litigation.

First, a stay will greatly simplify the issues in this case and will reduce the burden of litigation on the parties and the Court because there is a high likelihood that at least some claims will be canceled or amended. The underlying ground for the stay pending resolution of an *ex parte* reexamination is technical in nature and likely to definitively resolve the dispute between parties in this litigation. Furthermore, canceled claims do not qualify for damages, and claims with

substantial amendments prevent the patent owner from obtaining damages prior to the issuance of the reexamination certificate. The ’143 patent will expire before the USPTO is expected to reach a decision,[1] and VTT will therefore not be entitled to ***any damages*** with respect to any amended claims. *Id.*

Second, a stay is warranted because this case is still in its infancy. The parties have not yet discussed a discovery plan and the Rule 16 conference has not yet occurred. As such, the Court has yet to set a schedule, no discovery has been conducted, and no trial date has been set.

Third, a stay will not unduly prejudice nor provide a clear tactical advantage to VTT, and each sub-factor favors a stay because (1) the timing of Defendants’ request for *ex parte* reexamination does not unduly prejudice VTT; (2) the timing of Defendants’ request for a stay does not unduly prejudice VTT; (3) the status of the review proceedings does not prejudice VTT; and (4) the parties are not competitors. Defendants therefore move to stay this litigation pending the outcome of the *ex parte* reexamination.

Fourth, Defendants respectfully request that this Court defer the Rule 16 conference until the Court rules on this Motion. Deferring the Rule 16 conference until the resolution of this motion will maximize the potential efficiency benefits for both the parties and the Court.

## III. STATEMENT OF FACTS: THIS CASE IS IN ITS INFANCY AND DEFENDANTS DILIGENTLY PURSUED REEXAMINATION OF THE ’143 PATENT

### A. The Litigation

On February 27, 2025, VTT filed its complaint against Defendants alleging infringement of the ’143 patent. D.I. 1. Defendants moved to dismiss the Complaint on April 21, 2025, and this

[1] The ’143 patent expires on January 1, 2027, and *ex parte* reexaminations are typically resolved in 15-18 months. Ex. 2 at 2. Here, Defendants estimate that the pending *ex parte* reexamination will be resolved, at the earliest, in March 2027—after the ’143 patent expires. *Id.*

Court denied Defendants' Motion to Dismiss under Fed. R. Civ. P 12(b)(6) on November 24, 2025. D.I. 12; D.I. 31. Defendants filed their Answer on December 8, 2025. D.I. 32. No other substantive briefs have been filed. The parties have also not yet discussed a discovery plan, the Rule 16 conference has not yet occurred, and no trial date has been set.

### B. Defendants' Request for *Ex Parte* Reexamination of the '143 Patent

Earlier this year, Defendants discovered prior art references concerning the '143 patent that had not previously been considered by the USPTO. Those references were included in Defendants' request for *ex parte* reexamination filed on December 8, 2025, and challenge asserted claim 1 as well as other claims. Ex. 1. The USPTO has not yet granted Defendants' request for *ex parte* reexamination.

Also on December 8, 2025, counsel for Defendants contacted VTT's counsel, noting that it planned to file the instant Motion based on the *ex parte* reexamination request filed on the same day. Ex. 3 at 6. Counsel for VTT opposes the relief sought in this Motion. *Id.* at 2.

## IV. ARGUMENT: THIS COURT SHOULD GRANT A STAY PENDING EX PARTE REEXAMINATION

The Court has discretion to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). And the Federal Circuit has held that the Court's inherent authority includes the discretion to stay judicial post-grant proceedings, including reexamination, that will consider the validity of an issued patent. *See, e.g., Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008) (The court has "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent."); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (Courts have inherent power to stay proceedings, "including the authority to order a stay pending conclusion of a PTO

reexamination."); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("When a district court stays patent validity proceedings before it until completion of a reexamination proceeding, that stay must be accepted if the purpose of the reexamination statute is to be preserved."). Furthermore, the Court has discretion to stay litigation at any stage—even, like here, before the USPTO has granted the request for *ex parte* reexamination. *Charles Smith Enterprises, LLC v. DVSport, Inc.*, C.A. No. 21-1279-CFC, (D. Del. May 2, 2023) (granting a stay before the USPTO granted the ex parte reexamination request and 18 months after the Complaint was filed); *Textron Innovations Inc. v. Toro Co.*, 2007 WL 7772169, at *3 (D. Del. Apr. 25, 2007).

District of Delaware courts consult three factors when considering a stay: "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. " *Princeton Digit. Image Corp. Konami Digit. Entm't Inc.*, Nos. 12-1461 et al., 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014). When deciding whether to stay a case pending post-grant review proceedings before the USPTO, including *ex parte* reexamination, courts also consider "whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court." *TTI Consumer Power Tools, Inc. v. Lowe's Home Ctrs. LLC*, No. 22-673-CFC, 2022 WL 16739812, at *1 (D. Del. Nov. 7, 2022) (internal citations omitted). Courts often address the fourth "burden of litigation" factor as a component of the first "simplifying the issues" factor. *Prolitec v. Scentair Technologies, LLC*, No. 20-984, 2023 WL 5037173 (D. Del. Aug. 8, 2023) (listing cases). For the reasons below, all factors weigh strongly in favor of granting a stay.

### A. A Stay Will Simplify the Issues and Reduce the Burdens of Litigation Because Canceled Claims May Be Case Dispositive and VTT Will Not Be Entitled to Any Damages on Amended Claims

A stay will greatly simplify the issues because it is highly likely that the pending *ex parte* reexamination will result in at least some canceled or modified claims. *See, e.g.*, *TC Tech. LLC v. Spring Corp*., No. 16-153-WCB, 2021 WL 4521045, at *6 (D. Del. Oct. 4, 2021); *see also* Ex. 4. (explaining that a substantial new question of patentability is found nearly ***93%*** of the time, and noting that the USPTO either cancels all the claims outright or issues reexamination certificates with changes to claims in 78% of *ex parte* reexamination proceedings). Thus, it is likely that significant portions of the current claims will not survive *ex parte* reexamination and that party and judicial resources will be wasted in litigating canceled or amended claims.

The underlying ground for the stay pending resolution of an *ex parte* reexamination is technical in nature and likely to definitively resolve the dispute between parties in this litigation. And courts have held that the most important factor bearing on whether to grant a stay is whether the stay is likely to simplify the issues at trial. *Prolitec Inc. v. Scentair Techs., LLC*, No. CV 20-984, 2023 WL 5037173, at *4 (D. Del. Aug. 8, 2023) (noting that it was Congress's intent in giving the USPTO the "authority to consider the validity of patents in the inter partes review process was designed in large measure to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and focused consideration of the effect of prior art on patents being asserted in litigation," and that the same is true for *ex parte* reexamination proceedings) (citing *NFC Tech. LLC v. HTC Am., Inc*., No. 2:13-CV-1058, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015); *see also BMW of N. Am., LLC v. Vidal*, No. 1:24-cv-0235, 2025 WL 904687, *4 (E.D. Va. Mar. 25, 2025) (noting that Congress mandates that the Director "*will* include an order

for reexamination" when it finds that a "substantial new question of patentability affecting *any* claim of a patent is raised.") (quoting 35 U.S.C. § 304) (emphasis in original).

Granting the requested stay will also greatly reduce the burden of litigation for both the parties and the Court. For example, should the USPTO determine that all the asserted claims of the '143 patent are invalid, such a finding will be case dispositive because it will moot all outstanding issues in this litigation. Even if the *ex parte* reexamination results in only some of the claims being canceled or results in only amended, not canceled claims, VTT will not be entitled to any damages because the doctrine of intervening rights shields Defendants from any infringement liability from prior to the reexamination certificate being issued, which Defendants expect to occur after the '143 patent expires in January 2027. *See* 35 U.S.C. § 252; *see also Bloom Eng'g Co. v. N. Am. Mfg. Co*., 129 F.3d 1247, 1251 (Fed. Cir. 1997) (holding that "[u]nless a claim granted or confirmed upon reexamination is identical to an original claim, the patent can not be enforced against infringing activity that occurred before issuance of the reexamination certificate."); *see also* Ex. 2 at 2 (noting that as of June 30, 2025, the average time period between filing to a reexamination certificate being issued in fiscal year 2025 was approximately 16.5 months). Here, Defendants estimate that the pending *ex parte* reexamination will be resolved, at the earliest, in March 2027—after the '143 patent expires, and VTT will therefore not be entitled to ***any damages*** with respect to any amended claims. In the unlikely event—about a 22% chance—that the sole independent claim survives unamended, the *ex parte* reexamination will nevertheless streamline the issues because it will provide the Court with the USPTO's guidance on invalidity. *See* Ex. 4 at 2.

Additionally, the scope of fact discovery, expert discovery, and dispositive motions will be narrowed—or potentially be mooted entirely if the USPTO cancels all claims—so this factor

strongly supports a stay. *See, e.g.*, *Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351, at *3 (D. Del. Dec. 13, 2010) ("if all or some of the asserted claims are modified, this could render much of the parties' and Court's resources wasted—if, for instance, the Court construes claim terms that are subsequently eliminated by amendment in the reexamination."). Because the pending *ex parte* reexamination will likely simplify—and potentially even moot—the issues in this case, the first factor strongly favors a stay.

**B. This Case is in Its Infancy, and the Early Stage of Litigation Supports Granting a Stay**

The very early stage of this case strongly supports granting a stay. Courts in this District have held that "staying a case in its early stages can be said to advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *Neste Oil Oyj v. Dynamic Fuels, LLC*, No. 2-1744, 2013 WL 3353984, at *5 (D. Del. July 2, 2013) (internal quotation omitted); *see also Enhanced Sec. Rsch., LLC v. Cisco Sys., Inc.*, No. 09-571, 2010 WL 2573925, at *3 (D. Del. June 25, 2010) (factor supported stay where the "litigation remains in its early stages" and "discovery is not yet complete").

While this case was filed in February 2025, this litigation is in its procedural infancy. similar to *Neste Oil*, a scheduling conference has not yet occurred, no trial date has been set, and no discovery has taken place. In fact, the parties have not even discussed a discovery ***plan***. A stay would save the Court and the parties the considerable time, effort, and cost required to, for example, conduct discovery or construe claims that may not exist in the future. Accordingly, this factor strongly favors a stay.

**C. A Stay Will Not Unduly Prejudice VTT Nor Provide a Tactical Advantage**

This factor favors a stay because VTT will not be unduly prejudiced by the requested stay, nor will the requested stay provide a "tactical advantage" to Defendants. *IOENGINE, LLC v.*

*PayPal Holdings, Inc*., No. CV 18-452, 2019 WL 3943058, at *5 (D. Del. Aug. 21, 2019). In evaluating whether a plaintiff would suffer undue prejudice or whether a clear tactical advantage exists, courts in this District typically examine four sub-factors: (1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties. *Id*. Each sub-factor favors a stay.

#### 1. The Timing of Defendants' *Ex Parte* Reexamination Request Does Not Unduly Prejudice VTT

First, the timing of Defendants' *ex parte* reexamination request does not unduly prejudice VTT because: (1) Defendants diligently pursued reexamination on the '143 patent before any discovery has been conducted; and (2) VTT has not yet invested substantial time into this litigation—the only substantive brief that VTT has filed with the Court is its Response to Defendants' Motion to Dismiss. D.I. 16.

#### 2. The Timing of Defendants' Request for a Stay Does Not Unduly Prejudice VTT

Second, the timing of Defendants' request for a stay does not unduly prejudice VTT because this motion was filed almost concurrently with Defendants' *ex parte* reexamination request. Ex. 1. Furthermore, Defendants initiated the meet-and-confer process on this Motion shortly before filing. Ex. 3 at 1.

#### 3. The Status of the Review Proceedings Does Not Unduly Prejudice VTT

Third, with respect to the status of the review proceedings, Defendants only recently filed the reexamination request. But this alone does not unduly prejudice VTT, and this District has previously weighed the relevant factors to stay litigation even before the USPTO has granted reexamination. *See Textron Innovations Inc. v. Toro Co.*, 2007 WL 7772169, at *3 (D. Del. Apr. 25, 2007) (granting motion to stay prior to reexamination request being granted where other factors

favored a stay). Furthermore, it is likely that the USPTO will issue a decision on whether to grant reexamination shortly after briefing on this Motion concludes. Ex. 2 at 2 (noting that as of June 30, 2025, the average time from filing to receiving an Order from the USPTO was approximately 1.5 months).

**4. The Relationship of the Parties Does Not Unduly Prejudice VTT**

Finally, turning to the fourth sub-factor, the relationship of the parties shows that a stay will not unduly prejudice VTT. While courts are reluctant to stay proceedings where parties are direct competitors, that is not the case here. *See Neste Oil Oyj*, 2013 WL 424754, at *2-3. In fact, VTT is not in competition with Defendants ***at all***. In VTT's own words, VTT is a "globally recognized leader in scientific and technological innovation" and VTT conducts research using "funding from the Finnish government, the European Union, and private industry partners…" D.I. 1 at ¶¶ 1, 3. In contrast, in its Complaint, VTT characterizes Defendant HID as a "global supplier in secure identity solutions and RFID technology," and mentions that Defendant Omni-ID has "long been recognized as a supplier in the RFID industry…" *Id.* at ¶¶ 6-7. In short, VTT is a research institution, and Defendants are key players in the RFID industry—the Plaintiff and Defendants are not competitors. And even if the parties were competitors, VTT has not sought a preliminary injunction against HID. While this factor is not dispositive, courts have held that a plaintiff's failure to pursue a preliminary injunction tends to undermine any argument that it would be unduly prejudiced by a stay. *Monitoring v. Get-Grin Inc.*, No. CV 22-647-WCB, 2024 WL 1603403, at *9 (D. Del. Apr. 9, 2024).

Because a stay will not unduly prejudice VTT or provide a tactical advantage, this factor strongly favors a stay.

**D. Defendants Further Request That the Court Defer the Rule 16 Conference Until After Resolution of the Motion to Stay**

Engaging in the Federal Rule of Civil Procedure 16 scheduling process prior to resolution of the motion to stay risks wasting the parties' and the Court's resources. The most efficient way for the Court to resolve the motion would be to defer the scheduling process until after the Court resolves the motion to stay. *See Blackboard Inc. v. Uniloc 2017 LLC*, C.A. No. 19-2073-CFC (D. Del. Jan. 9, 2020) (ordering that "[t]he [Federal Rule of Civil Procedure 16] scheduling conference is postponed pending disposition of the motion to stay").

**V. CONCLUSION: THIS COURT SHOULD GRANT DEFENDANTS' REQUESTED STAY AND DEFER THE RULE 16 CONFERENCE**

For the foregoing reasons, Defendants respectfully request the Court grant this Motion and stay the proceedings pending the resolution of the *ex parte* reexamination, and that the Court defer the Federal Rule of Civil Procedure 16 scheduling conference until after the resolution of the motion to stay.

*/s/ Andrew E. Russell*
Andrew E. Russell (No. 5382)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for HID Global Corporation and OMNI-ID USA, Inc.*

OF COUNSEL:
Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
(571) 203-2700

Dated: December 12, 2025

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VTT TECHNICAL RESEARCH CENTRE OF FINLAND LTD.,<br><br>Plaintiff,<br><br>v.<br><br>HID GLOBAL CORPORATION and OMNI-ID USA, INC.,<br><br>Defendants. | ) | C.A. No. 25-229-JCB |

**RULE 7.1.1 STATEMENT**

Counsel for Defendants certifies that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion. The parties were unable to reach an agreement on the relief sought.

*/s/ Andrew E. Russell*

Andrew E. Russell (No. 5382)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for HID Global Corporation and OMNI-ID USA, Inc.*

OF COUNSEL:
Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
(571) 203-2700

Dated: December 12, 2025