**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VTT TECHNICAL RESEARCH CENTRE OF FINLAND LTD,<br><br>Plaintiffs,<br><br>v.<br><br>HID GLOBAL CORPORATION, and OMNI-ID USA, INC.,<br><br>Defendants. | Case No. 25-cv-229-JCB<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF VTT'S OPPOSITION TO DEFENDANTS' MOTION**
**TO STAY AND DEFER THE RULE 16 CONFERENCE**

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
Phone: (302) 777-0338
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

William R. Woodford (Admitted *pro hac vice*)
Todd S. Werner (Admitted *pro hac vice*)
Jason M. Zucchi (Admitted *pro hac vice*)
AVANTECH LAW, LLP
80 South 8th Street, Suite 900
Minneapolis, MN 55402
woodford@avantechlaw.com
werner@avantechlaw.com
zucchi@avantechlaw.com
*Attorneys for Plaintiff VTT Technical Research Center of Finland LTD*

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................ 1

II. ARGUMENT SUMMARY ............................................................... 2

III. BACKGROUND ......................................................................... 3

A. Defendants Have Known of VTT's Patent Since At Least 2018 and Received Formal Notice of Infringement in May 2024. ........................... 3

B. Defendants Chose to Litigate VTT's Claims, and Only Sought Reexamination After Their Motion to Dismiss Failed. ............................. 4

IV. LEGAL STANDARD .................................................................... 5

V. ARGUMENT ................................................................................. 6

A. Defendants' Years of Inaction Created Reliance and Prejudice that a Late Reexamination Cannot Undo. ................................................ 6

B. The Requested Reexamination Will Not Simplify This Case in Any Meaningful Way. ....................................................................... 8

C. The Stage of This Litigation Does Not Favor a Stay. ............................ 11

VI. CONCLUSION ........................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*3G Licensing, S.A. v. HTC Corp.,*
C.A. No. 17-83-GBW, 2023 WL 34553 (D. Del. Jan. 4, 2023)............................6, 8

*Belden Techs. Inc. v. Superior Essex Comms. LP,*
Civ. No. 08-63, 2010 WL 3522327 (D. Del. Sept. 2, 2010) .................................6, 7

*Cooper Notification, Inc. v. Twitter, Inc.,*
Civ. No. 09-865-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010) ..........................6

*Corteva Agriscience LLC v. Monsanto Co.,*
C.A. No. 22-1046-GBW, 2023 WL 3119968 (D. Del. Apr. 27, 2023) ..................8, 9

*Landis v. N. Am. Co.,*
299 U.S. 248 (1936).............................................................................................6

*Monterey Rsch., LLC v. Nanya Tech. Corp.,*
C.A. No. 19-2090, D.I. 139 (D. Del. May 10, 2023)..............................................10

*Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.,*
No. 12-1461, 2014 WL 3819458 (D. Del. Jan. 15, 2014) .....................................5, 9

*SoftView LLC v. Apple Inc.,*
Civ. No. 10-389-LPS, 2012 WL 3061027 (D. Del. Jul. 26, 2012) ......................7, 12

*Wirtgen Am., Inc. v. Caterpillar, Inc.,*
No. 1:17-cv-00770-JDW, D.I. 442 (D. Del. Aug. 7, 2024) ......................................8

# Abbreviations

| Abbreviation | Description |
|---|---|
| VTT | VTT Technical Research Centre of Finland |
| HID | HID Global Corporation |
| Omni-ID | Omni-ID USA, Inc. |
| Defendants | HID Global Corporation and Omni-ID USA, Inc. |
| RFID | Radio Frequency Identification |
| ’143 patent | U.S. Pat. No. 7,724,143 |
| Br. | Brief In Support Defendants Motion to Stay Pending *Ex Parte* Reexamination (D.I. 34) |

## I. INTRODUCTION

After delaying this case for nearly a year on a failed motion to dismiss, Defendants now ask the Court to halt it for another eighteen months (or longer) based on a belated *ex parte* reexamination request they could have filed in 2018 after first learning about the patent, in May 2024 after receiving detailed notice of infringement, or in February 2025 after VTT filed this action. Instead, Defendants elected to litigate first, engaging the Court and forcing VTT to defend the sufficiency of its infringement allegations. Only after the Court rejected Defendants' dismissal attempt did they pivot to the Patent Office and seek a stay.

That sequence reflects a strategic "wait-and-see" approach courts consistently reject. Had Defendants timely sought reexamination, the proceeding could be well underway—or complete—by now. Instead, Defendants' choices produced delay at every turn, undermining any claim that their request is motivated by efficiency.

Defendants also overstate the potential for simplification. The Patent Office has not granted reexamination. Any suggestion of streamlining the case is speculative and undermined by Defendants' use of reexamination as a last resort.

The equities weigh decisively against a stay. Defendants chose to litigate, lost, and now seek to freeze VTT's case to pursue invalidity. A stay under these circumstances would reward gamesmanship, not promote efficiency. The Court should deny Defendants' motion and allow this case to proceed.

## II. ARGUMENT SUMMARY

Defendants cannot satisfy any of the three stay factors—undue prejudice/tactical advantage, simplification, and stage of the case—and thus have not met their burden to justify halting this action.

1. A stay would cause undue prejudice and confer a tactical advantage. Defendants' timing—waiting to seek reexamination until after litigating and losing their initial merits challenge—reflects strategic delay, not diligence. And with the '143 patent nearing expiration, further delay risks depriving VTT of meaningful relief during the patent's remaining term.

2. A stay would not simplify the issues for trial. The requested *ex parte* reexamination has not been instituted, challenges only a subset of claims, and—because it carries no estoppel—will not bind Defendants' invalidity defenses in this Court. The case would therefore proceed on substantially the same record and issues regardless of the reexamination.

3. The stage of the litigation does not support a stay. The Court has already resolved Defendants' threshold merits challenge and pausing the case now would interrupt rather than conserve judicial and party resources, particularly given the parties will need to conduct the same discovery despite the reexamination.

## III. BACKGROUND

### A. Defendants Have Known of VTT's Patent Since At Least 2018 and Received Formal Notice of Infringement in May 2024.

Founded in 1942, VTT is a globally recognized research organization founded by the Finnish government and committed to advancing science and technology for the benefit of industry and society. VTT has conducted significant research across many diverse fields, including RFID technology. VTT's RFID-related research led to the asserted patent, U.S. Patent No. 7,724,143, which was granted in 2010 and addresses longstanding challenges in RFID antenna design—particularly the performance degradation of RFID tags when mounted on metal or plastic surfaces and the high costs of then-existing manufacturing techniques.

VTT first informed representatives of HID Global and Omni-ID about its patented RFID technology during a trade conference in April 2018. D.I. 1 ¶ 21. The following month, VTT followed up to both companies, reiterating its interest in licensing or sales opportunities and providing a list of VTT's RFID-related patent families, including PCT publication WO2006120287 from which the '143 patent issued. *Id.* Neither HID nor Omni-ID responded. *Id*. After a second follow-up in June 2018, HID acknowledged receipt, indicating that its counsel would review the patents, but no further communication was received from HID. *Id.* ¶ 23. Omni never responded. *Id.* ¶ 24.

In August 2021, HID Global acquired Omni-ID and integrated Omni-ID's RFID antenna designs into HID's products. *Id.* ¶ 8. Despite VTT's prior outreach and identification of its patent rights, Defendants proceeded to develop and market RFID products incorporating a folded antenna construction that mirrors the configuration claimed in the '143 patent. In April 2024, VTT sent HID and Omni-ID formal notice of infringement, including a detailed claim chart mapping the '143 patent to representative HID products. D.I. 1 ¶ 26; D.I. 12-2. Over the following months, the parties exchanged letters regarding VTT's infringement allegations but HID's refusal to engage in further discussions ultimately led to this lawsuit.

### B. Defendants Chose to Litigate VTT's Claims, and Only Sought Reexamination After Their Motion to Dismiss Failed.

VTT filed this action in February 2025. Rather than answering the Complaint or promptly seeking reexamination of the '143 patent at the U.S. Patent and Trademark Office, Defendants elected to engage the Court on the merits. In April 2025, Defendants moved to dismiss the Complaint, challenging VTT's infringement by asserting, among other things, that the Complaint did not adequately plead infringement of the "primary source" limitation of claim 1, did not sufficiently allege indirect infringement, and failed to state a claim against Omni-ID. D.I. 11.

On November 24, 2025, the Court substantively addressed Defendants' arguments and denied the motion to dismiss in its entirety. D.I. 31. On December 10, 2025, the Court ordered the parties to meet and confer under Rule 26(f) by

January 9, 2026, to submit a joint discovery plan by January 23, and set a Rule 16 scheduling conference for February 6. D.I. 33.

Only after Defendants tried and failed to take advantage of the litigation process to dismiss the case did they pursue a belated challenge to the validity of the '143 patent. On December 8, 2025, two weeks after the Court denied their motion, Defendants filed a request for *ex parte* reexamination of the '143 patent. Br., Ex. 1. The reexamination request challenges only a subset of claims, leaving claims 4, 9, 12, and 16 unaffected by the reexamination proceeding. *Id*. The timing of Defendants' actions—waiting until after an adverse merits ruling, filing a reexamination request that does not address all claims, and immediately seeking to halt the district court proceedings—reflects a deliberate effort to delay this litigation after Defendants' initial strategy proved unsuccessful.

## IV. LEGAL STANDARD

A stay pending reexamination is an exercise in judicial discretion guided by equitable considerations. In this District, courts evaluate three factors: (1) whether a stay would simplify the issues for trial; (2) the stage of the litigation; and (3) whether a stay would cause undue prejudice to the non-movant or provide the movant with a tactical advantage. *Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*, No. 12-1461, 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014).

The party seeking a stay bears the burden of showing one is warranted. *Cooper Notification, Inc. v. Twitter, Inc.*, Civ. No. 09-865-LPS, 2010 WL 5149351, at *2 (D. Del. Dec. 13, 2010). And where, as here, a stay carries "even a fair possibility" of harm to the non-movant, the movant must make a "clear case of hardship or inequity" to justify halting the case. *Id*. (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

## V. ARGUMENT

### A. Defendants' Years of Inaction Created Reliance and Prejudice that a Late Reexamination Cannot Undo.

Defendants' motion comes far too late. Defendants knew about the '143 patent for years, received detailed notice of infringement in 2024, and nonetheless chose not to seek Patent Office review. Only after their initial litigation strategy failed did they pursue reexamination and ask this Court to halt the case. Delaware courts treat that sequence as undue prejudice, not efficiency. *See 3G Licensing, S.A. v. HTC Corp.*, C.A. No. 17-83-GBW, 2023 WL 34553, at *5 (D. Del. Jan. 4, 2023) ("[A] request for reexamination made well after the onset of litigation followed by a subsequent request to stay may lead to an inference that the moving party is seeking an inappropriate tactical advantage.") (citing *Belden Techs. Inc. v. Superior Essex Comms. LP*, Civ. No. 08-63, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010)).

Critically, Defendants do not contend that the prior art now raised at the Patent Office was newly discovered or previously unavailable. They simply chose

not to act. Delaware courts weigh such delay heavily in the undue prejudice analysis because it reflects strategy, not diligence. When a defendant waits years to seek Patent Office review, a subsequent stay request is viewed as disruption, not efficiency. *E.g.*, *id.* (finding undue prejudice weighed against stay where defendant waited years to file an *ex parte* reexamination); *see also SoftView LLC v. Apple Inc.*, Civ. No. 10-389-LPS, 2012 WL 3061027, at *4 (D. Del. Jul. 26, 2012) (finding undue prejudice where "Apple did not file its request for *inter partes* reexamination until approximately one year after this litigation began.").

VTT reasonably relied on Defendants' decision to litigate rather than pursue Patent Office review. In pre-suit correspondence, Defendants never suggested they would file a request for reexamination (or any other post-grant challenge of the '143 patent). That remained true after this action was filed in February 2025. Only after losing its dismissal bid did Defendants pivot. Filed after years of silence, after formal notice, and after an adverse ruling, Defendants' request exemplifies the tactical delay Delaware courts consistently reject.

The prejudice from a stay is concrete and time-sensitive. VTT collaborates with industry partners to develop new technologies and licenses its patented innovations for commercial adoption. Delay in adjudication—particularly where a defendant continues its accused conduct—undermines VTT's ability to meaningfully realize the value of its patent rights during the patent's limited

remaining term. That harm is magnified here because the ’143 patent expires in early 2027, and a stay would consume the patent’s remaining life. Courts in this District recognize that delay approaching or extending beyond patent expiration constitutes undue prejudice, particularly where the defendant’s own timing choices create that delay. *See Corteva Agriscience LLC v. Monsanto Co.*, C.A. No. 22-1046-GBW, 2023 WL 3119968, at *2 (D. Del. Apr. 27, 2023) (“Plaintiff expresses a legitimate concern that staying the case could delay the trial date until after the ’555 patent has expired”); *see also Wirtgen Am., Inc. v. Caterpillar, Inc.*, No. 1:17-cv-00770-JDW, D.I. 442 at *4 (D. Del. Aug. 7, 2024) (holding “the near-expiration of a patent term” is a “legitimate concern” and weighs against stay) (Ex. A).

Delaware courts repeatedly reject stays that would reward this pattern. A defendant may not sit on a potential post-grant challenge for years, litigate first when sued, and then invoke reexamination to freeze the case once the litigation no longer favors it. *See 3G Licensing,* 2023 WL 34553, at *5. Granting a stay here would shift the cost of Defendants’ delay onto VTT and risk running out the life of the’143 patent while Defendants continue to infringe. The undue prejudice factor exists to prevent exactly that result, and it weighs decisively against a stay.

### B. The Requested Reexamination Will Not Simplify This Case in Any Meaningful Way.

Reexamination will not simplify the case because, at every stage, it leaves the same issues for this Court to decide. As an initial matter, the Patent Office has not

even granted reexamination. There is no schedule, no defined scope, and no assurance that any claim will be cancelled. Courts in this District are therefore reluctant to halt litigation based on a proceeding that may never occur.

Even if reexamination is instituted, it is unlikely to resolve the case. Defendants' own statistics underscore the point. Complete claim cancellation—the only outcome that could plausibly moot this action—occurs in only about thirteen percent of third-party reexaminations. In the overwhelming majority, at least some claims survive, leaving the same infringement, validity, and damages issues for this Court to resolve. Where simplification depends on a speculative and statistically unlikely outcome, it does not justify a stay.

Reexamination would also be incomplete by design. Defendants' request does not challenge all claims of the '143 patent. Claims 4, 9, 12, and 16 are not at issue in the reexamination, and VTT has not yet served infringement contentions or made final claim selections. *E.g.*, *Corteva Agriscience*, 2023 WL 3119968 at *2 (holding that simplification weighed against a stay where *ex parte* reexamination addressed fewer than all asserted claims). Regardless of what happens at the Patent Office, this Court will still need to adjudicate infringement, validity, and damages as to claims outside the reexamination. Where a proceeding leaves core issues untouched, simplification weighs against a stay. *See Princeton Dig.*, 2014 WL 3819458, at *3 ("The more that the scope of the issues to be resolved during the litigation exceeds

the scope of the issues that can be examined during [a Patent Office proceeding], the greater this cuts against a finding that [the Patent Office proceeding] will lead to great simplification of the issues at play.").

Nor would reexamination meaningfully reduce the work of this litigation. Discovery will center on the same accused products, the same technical documents, the same witnesses, and the same development history—regardless of whether the reexamination proceeds. Proceeding with discovery now conserves, rather than wastes, judicial and party resources.

*Ex parte* reexamination also carries no estoppel. Defendants remain free to advance the same invalidity arguments in this Court that they present to the Patent Office, based on the same prior art. Unlike *inter partes* review, reexamination does not narrow defenses or bind defendants in subsequent litigation. *See Monterey Rsch., LLC v. Nanya Tech. Corp.*, C. A. No. 19-2090, D.I. 139, at *1 n.1 (D. Del. May 10, 2023) (finding the simplification factor weighed against a stay because *ex parte* reexaminations "do not carry the estoppel effect of IPR proceedings.") (Ex. B). It creates parallel proceedings, not simplification.

Finally, timing forecloses Defendants' claim that reexamination could meaningfully replace this case. The '143 patent expires in January 2027. Reexamination cannot realistically yield amended claims that would displace the claims now before the Court in time to matter. At most, it offers a collateral process

running on a different timetable while this case sits still. That postpones adjudication; it does not narrow it.

The reexamination request does not remove claims, does not reduce discovery, and does not constrain Defendants' defenses. It leaves the same issues to be decided on the same evidence. The simplification factor therefore weighs against a stay.

### C. The Stage of This Litigation Does Not Favor a Stay.

Defendants' "early stage" argument rests on delay they created and now seek to exploit. They asked for and received additional time to respond to VTT's Complaint, chose to pursue a threshold merits challenge rather than proceed with discovery, and they lost. Having elected that course, Defendants cannot invoke the resulting passage of time as a reason to stop the case altogether.

Stopping the case at this point would add delay, not efficiency. The work ahead will focus on Defendants' accused products, their technical documents, and their conduct—work that must occur regardless of any Patent Office proceeding. Pausing the case now does not eliminate that work; it simply defers it, after the Court has already addressed Defendants' initial merits arguments.

Nor is this dispute meaningfully "early" in any practical sense. As set forth above, VTT raised its patent rights years before suit and provided a detailed infringement notice in 2024. This action is not the opening chapter of a new dispute.

Instead, it is the point at which a long-running disagreement reached the courthouse and is poised for resolution.

Finally, the "early stage" of the litigation "must be balanced against the stage of the reexamination proceedings." *SoftView*, 2012 WL 3061027, at *4. Here, the reexamination was filed just three weeks ago and has not been instituted. Where the reexamination proceedings "remain at an early stage" this factor does not favor a stay. *Id*. To the contrary, Defendants' attempt to pause the case now—after losing their initial motion—underscores why this factor weighs against a stay.

## VI. CONCLUSION

For the foregoing reasons, VTT respectfully requests that the Court deny Defendants' Motion to Stay.

Respectfully submitted,

Dated: December 29, 2025

By: *s/Michael J. Farnan* .

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
Phone: (302) 777-0338
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

William R. Woodford (Admitted *pro hac vice*)
Todd S. Werner (Admitted *pro hac vice*)
Jason M. Zucchi (Admitted *pro hac vice*)
AVANTECH LAW, LLP
80 South 8th Street, Suite 900
Minneapolis, MN 55402
Phone: (612) 895-2721
woodford@avantechlaw.com
werner@avantechlaw.com
zucchi@avantechlaw.com

*Attorneys for Plaintiff VTT Technical Research Center of Finland LTD*

# CERTIFICATION OF COMPLIANCE

The foregoing document complies with the type-volume limitation of this Court's November 10, 2022 Standing Order regarding Briefing in All Cases. The text of this brief, including footnotes, was prepared in Times New Roman, 14 point. According to the word processing system used to prepare it, the brief contains 4,996 words, excluding the case caption, signature block, table of contents, table of authorities, table of abbreviations, and table of exhibits.

/s/ *Michael J. Farnan*
Michael J Farnan (Bar No. 5165)

Dated: December 29, 2025