UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

No. 1:25-cv-00229

**VTT Technical Research Centre of Finland Ltd.**,
*Plaintiff,*

v.

**HID Global Corporation et al.**,
*Defendants.*

**O R D E R**

In February 2025, plaintiff sued defendants for alleged infringement of U.S. Patent No. 7,724,143. Doc. 1 at 5, 10. Defendants requested the U.S. Patent and Trademark Office (USPTO) to institute an ex parte reexamination of the '143 Patent on December 8, 2025. Doc. 39-1. The USPTO granted defendants' request on January 15, 2026, and have instituted ex parte reexamination as to claims 1–3, 5–8, 10, 11, 13–15, and 17 of the '143 Patent. Doc. 46-1 at 5, 8–10 (Claim 1 is the "sole independent claim.").

Prior to the USPTO instituting ex parte reexamination, defendants filed a motion to stay proceedings pending ex parte reexamination and defer the February 6, 2026 conference with the court. Doc. 38. Plaintiffs oppose the motion. Doc. 40.

"It is within the sound discretion of the tribunal to grant or deny a request to stay proceedings." *Groves v. McDonough*, 34 F.4th 1074, 1079 (Fed. Cir. 2022). The court must "weigh competing interests and maintain an even balance" between the parties. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Courts in this district consider three factors when exercising its discretion: "(1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Becton, Dickinson & Co. v. Baxter Int'l Inc.*, No. 1:25-cv-00591, 2025 WL 3677537, at

*1 (D. Del. Dec. 18, 2025) (collecting cases). Courts may also consider a fourth factor when the stay is due to post-grant review proceedings before the USPTO; namely, "whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court." *TTI Consumer Power Tools, Inc. v. Lowe's Home Centers LLC*, No. 1:22-cv-00673, 2022 WL 16739812, at *1 (D. Del. Nov. 7, 2022).

First, a stay is likely to simplify the issues for trial in this case. The instituted reexamination covers almost all claims of the '143 Patent, including its only independent claim. Doc. 46-1 at 5, 8–10. Only 20% of ex parte reexaminations end with all claims confirmed. Doc. 39-4 at 3; *see also Becton*, 2025 WL 3677537, at *1 ("Following reexaminations requested by third parties, about eighty percent of challenged claims are either cancelled or amended."). Thus, once reexamination is complete, the claims will likely be different than how they stand today. Any effort spent by the parties or court construing claim terms could be wasted absent a stay. *See Becton*, 2025 WL 3677537, at *1.

Second, discovery has yet to begin and a trial date has not been set. Regardless of who is to blame, these facts remain and favor a stay. *See TTI Consumer*, 2022 WL 16739812, at *2 ("But explaining why this litigation is in its infancy does not change the fact that this litigation is in its infancy. Granting a stay at this early stage will advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their resources addressing invalid claims.").

Third, a stay would not unduly prejudice plaintiff or present defendant a clear tactical advantage. "[C]ourts in this district typically examine four factors" when evaluating the undue prejudice: "(1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *TC Tech. LLC v. Sprint Corp.*, No. 1:16-cv-00153, 2021 WL 4521045, at *8 (D. Del. Oct. 4, 2021). Defendants sought an ex parte reexamination ten months after suit was filed and sought a stay shortly thereafter. Docs. 34,

39-1. Though, the USPTO initiated ex parte reexamination on January 15, 2026 (Doc. 46-1), and the parties are not direct competitors as plaintiff does not sell products. *See* Doc. 39 at 15. Defendants were far from prompt in seeking post-grant review. *See* Doc. 40 at 10–12. However, considering the '143 Patent will expire in early 2027 and trial has yet to be set, plaintiff is unlikely to enjoin defendant from practicing the '143 Patent even if successful on its infringement claim. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("A stay will not diminish the monetary damages to which [the patentee] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy."). Accordingly, the third factor is neutral to a stay.

Fourth, the stay will likely reduce the burden of litigation on the parties and the court. As this case is in its infancy and ex parte reexaminations often change claim language, the stay will ensure the parties and the court expend litigation resources on claims not subject to amendment.

Considering three of four factors favor a stay, the court grants defendants' motion (Doc. 38) and stays this case pending completion of the ex parte reexamination of the '143 Patent. The court orders that this case is **administratively closed**. All pending motions are held in abeyance. Within seven days of the resolution of ex parte reexamination No. 90,015,758, the parties shall file a notice with the court to reopen this case.

*So ordered by the court on January 16, 2026.*

J. CAMPBELL BARKER
United States District Judge